**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**JONESBORO DIVISION**

DAVON DEVONTAE DONN                                                                  PLAINTIFF

v.                                              3:15CV00396-BSM-JTK

CRAIGHEAD COUNTY DETENTION CENTER, et al.                              DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge
Brian S. Miller. Any party may serve and file written objections to this recommendation.
Objections should be specific and should include the factual or legal basis for the objection.
If the objection is to a factual finding, specifically identify that finding and the evidence that
supports your objection.  An original and one copy of your objections must be received in
the office of the United States District Court Clerk no later than fourteen (14) days from the
date of the findings and recommendations.  The copy will be furnished to the opposing party.
Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different,
or additional evidence, and to have a hearing for this purpose before the District Judge, you
must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a
hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.     Introduction

Plaintiff Davon Donn is an inmate confined at the Craighead County Detention Center (Jail).  He filed this pro se 42 U.S.C. § 1983 action against Defendants, alleging several improper conditions of confinement. This Court granted Plaintiff's Motion to proceed in forma pauperis on January 6, 2016, and directed Plaintiff to file an amended complaint which more specifically set forth his allegations against the Defendants (Doc. No. 4).  Although Plaintiff filed an Amended Complaint on January 19, 2016 (Doc. No. 6), he failed to comply with the instructions set forth in the January 6, 2016 Order.  Therefore, the Court granted Plaintiff one final opportunity to amend his Complaint within thirty days in accordance with that Order, on January 25, 2016 (Doc. No. 7).  The Court specifically set forth the facts

2

which Plaintiff should include, and warned him that failure to comply with the Order would result in the dismissal of his Complaint, for failure to state a claim upon which relief may be granted.  (Id.)  As of this date, Plaintiff has not responded to the Court's January 25, 2016 Order.

Having reviewed Plaintiff's Original and Amended Complaints (Doc. Nos. 1, 6), the Court finds the case should be dismissed for failure to state a claim upon which relief may be granted.

## II.    Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim.  See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  In reviewing a pro se complaint under § 1915(e)(2)(B),

3

the Court must give the complaint the benefit of a liberal construction. <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992).

## III.    Facts and Analysis

In his Original and Amended Complaints, Plaintiff alleged that he is housed in a barracks with mold on the walls, that the mold affects his breathing, that Defendants are aware of the situation, and have not acted to change it. (Doc. Nos. 1, 6) In the January 6, 2016. and January 25, 2016 Orders, the Court noted that Plaintiff failed to include specific facts about his cell conditions, his medical issues, and his communications to the Defendants about his issues. (Doc. Nos. 4, 7)  The Court also asked Plaintiff to: "**name all the parties he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) state how he was harmed; and 5) state whether he is incarcerated as a pretrial detainee. Plaintiff must set forth specific facts concerning the allegations he has set forth including, where applicable, dates, times and places.**" (Doc. No. 4, pp. 4-5; Doc. No. 7, p. 1)

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. <u>Griffin-El v. MCI Telecommunications Corp., et al.</u>, 835 F.Supp. 1114,

1118 (E.D.MO 1993).   Plaintiff stated in his Amended Complaint that he is incarcerated for "other" reasons, such as a probation revocation (Doc. No. 6).   However, regardless of whether he is considered a pretrial detainee or a convicted inmate, the standard of review is the same: the Eighth Amendment deliberate indifference standard, focusing on the length of exposure to unsanitary conditions and the degree to which the conditions are unsanitary. Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994).[1]

Conditions which "deprive inmates of the minimal civilized measure of life's necessities," may be considered cruel and unusual, and therefore, unconstitutional.   See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).   "Although the Eighth Amendment's prohibition of cruel and unusual punishment bars more than physical torture, 'discomfort compelled by conditions of confinement, without more, does not violate the amendment.'" Martin v. Byrd, No. 4:07cv01184SWW, 2008 WL 686936 * 4 (E.D.Ark.2008) (quoting Smith v. Coughlin, 748 F.2d 783, 787 (2d Cir. 1984) (other citations omitted.)) "Conditions of confinement, however, constitute cruel and unusual punishment 'only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise.'" Martin, supra *4 (quoting Whitnack v. Douglas County,

---

[1] Courts analyze claims pursued by pretrial detainees under the Fourteenth Amendment's Due Process clause.   See Bell v. Wolfish, 441 U.S. 520, 535 n. 16 (1979).   "Under the Fourteenth Amendment, pretrial detainees are entitled to 'at least as great' protection as that afforded convicted prisoners under the Eighth Amendment."   Owens v. Scott County Jail, 328 F.3d 1026 (8th Cir. 2003) (quoting City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244 (1983)).   "[I]nmates are entitled to reasonably adequate sanitation, personal hygiene, and laundry privileges, particularly over a lengthy course of time."   Howard v. Adkison, 887 F.2d 134, 137 (8th Cir. 1989).

16 F.3d 954, 957 (8th Cir. 1994)). An inmate who slept without a mattress or blanket for four days on a concrete slab in the winter was not denied the minimal civilized measures of life's necessities, in O'Leary v. Iowa State Men's Reformatory, 79 F.3d 82, 84 (8th Cir. 1996). Furthermore, placement in a strip cell without clothes, water, mattress, pillow, sheets or blanket for four days was found not unconstitutional in Williams v. Delo, 49 F.3d 442, 445 (8th Cir. 1995).

Based on this case law, the Court finds that Plaintiff's allegations against Defendants Hall and Moore should be dismissed, for failure to state an Eighth Amendment claim for relief. Plaintiff does not claim that Defendants deprived him of any hygiene, cleaning, or medical items, and he does not claim that he was denied basic human needs such as food, warmth, or exercise. See Whitnack v. Douglas County, 16 F.3d at 957. He does not allege any specifics concerning the amount of mold on the wall or the complaints he filed about it, nor is he specific about his adverse health consequences, other than to say he had difficulty breathing. He does not allege any actions by Defendants which would show deliberate indifference to a need for health and safety.

Furthermore, his allegations against Defendant Hall appear to be based on his supervisory position as Jail Administrator, and a supervisor can not be held liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional actions. See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994). A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation. Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir.

6

1993).  In particular, the plaintiff must show that the supervisor knew about the conduct and facilitated it, approved it, condone it, or turned a blind eye to it.  Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995).  See also Otey v. Marshall, 121 F.3d 1150, 1155 (8th Cir. 1997) ("Section 1983 liability cannot attach to a supervisor merely because a subordinate violated someone's constitutional rights.") Plaintiff has not alleged any facts to support a finding that Defendants Hall or Moore knew about the mold, facilitated it, approved it, or turned a blind eye to it.

Finally, the Jail itself is not considered a person within the meaning of § 1983, and therefore, cannot be sued in this action.  See Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (holding that police and sheriff's departments are not usually considered legal entities subject to suit); Ketchum v. City of West Memphis, 974 F.2d 81 (8th Cir. 1992) (holding that the West Memphis Police Department and Paramedic Services are departments or subdivisions of the City government and not separate juridical entities).

Therefore, absent additional facts and allegations from Plaintiff, as set forth in the Court's prior Orders, the Court finds this action should be dismissed, for failure to state a claim upon which relief may be granted.

## IV.    Conclusion

IT IS, THEREFORE,  RECOMMENDED that:

1.      Plaintiff's Complaint against Defendants be DISMISSED without prejudice, for failure to state a claim upon which relief may be granted.

2.      This dismissal constitute a "strike" within the meaning of the PLRA.[2]

3.      The Court certify that an in forma pauperis appeal from an Order and

Judgment dismissing this action would not be in good faith, pursuant to 28 U.S.C. §

1915(a)(3).

IT IS SO RECOMMENDED this 1st day of March, 2016.

_____

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE

---

[2]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.